**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2110
_____

NAOMI MERENTEK,
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-940-380)
Immigration Judge:  Honorable Rosalind K. Malloy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 17, 2013

Before: AMBRO, JORDAN and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 18, 2013)
_____

OPINION
_____

PER CURIAM

Naomi Merentek, an ethnic Chinese Christian from Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal. For the reasons that follow, we will deny the petition.

## I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly here. Merentek last entered the United States in 2006, and ultimately stayed beyond the time allowed under her visa. After being placed in removal proceedings, she applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), claiming that she had been persecuted in Indonesia on account of her religion and race. In April 2010, an immigration judge ("IJ") denied that application. Merentek then appealed that decision to the BIA.

In March 2012, the BIA dismissed Merentek's appeal. With respect to her asylum claim, the BIA adopted and affirmed the IJ's determination that she "ha[d] not met her burden of establishing her eligibility for asylum because she ha[d] not provided specific persuasive testimony or objective corroborating evidence that she suffered past persecution or ha[d] a well-founded fear of future persecution." (A.R. 3) The BIA agreed with the IJ that Merentek "ha[d] not demonstrated through persuasive evidence that her race or religion was at least one central reason for the threats she received while in Indonesia." (Id.) Additionally, the BIA determined that Merentek had not shown that,

if she returned to Indonesia, "she would be individually singled out for persecution or that there is a pattern or practice of persecution of a group of persons similarly situated to . . . her." (Id. at 4 (internal quotation marks and citation omitted).) The BIA echoed the IJ's finding that "most Christian churches operate openly in Indonesia," and noted that the U.S. State Department's 2008 Human Rights Report for Indonesia "shows that the Indonesian government has made significant improvements in the relations between ethnic and religious minorities and other groups." (Id.) The BIA concluded that, because Merentek had not met the standard for asylum, she had also failed to meet the higher standard for withholding of removal. Lastly, the BIA agreed with the IJ that Merentek had not established that she was entitled to CAT relief.

Merentek now seeks review of the agency's decision.

## II.

We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1). "When, as here, the BIA affirms an IJ's decision and adds analysis of its own, we review both the IJ's and the BIA's decisions." Martinez v. Att'y Gen., 693 F.3d 408, 411 (3d Cir. 2012). "We apply substantial evidence review to agency findings of fact, departing from factual findings only where a reasonable adjudicator would be compelled to arrive at a contrary conclusion." Mendez-Reyes v. Att'y Gen., 428 F.3d 187, 191 (3d Cir. 2005) (citing 8 U.S.C. § 1252(b)(4)(B)). We review constitutional claims de novo. Yusupov v. Att'y Gen., 518 F.3d 185, 197 (3d Cir. 2008).

3

Merentek raises four arguments in support of her petition. First, she claims that the agency erred by failing to consider whether her experiences in Indonesia, when evaluated cumulatively, rose to the level of past persecution. To demonstrate past persecution, Merentek had to show, inter alia, that her race or religion was "at least one central reason for persecuting [her]." 8 U.S.C. § 1158(b)(1)(B)(i); see Espinosa-Cortez v. Att'y Gen., 607 F.3d 101, 108 (3d Cir. 2010). Given the inconsistencies amongst her two affidavits and her oral testimony, a reasonable adjudicator would not be compelled to disturb the BIA's conclusion that Merentek "has not demonstrated through persuasive evidence that her race or religion was at least one central reason for the threats she received while in Indonesia." (A.R. 3) Accordingly, her instant claim fails.

Merentek next contends that the BIA violated her Fifth Amendment due process rights by failing to conclude that her evidence established a pattern or practice of persecution of Christians in Indonesia.[1] Having carefully considered that evidence, we cannot conclude that it compels such a finding. Nor are we persuaded that the BIA's consideration of her pattern or practice claim ran afoul of the Fifth Amendment.

Merentek's third claim is that the BIA erred in denying her CAT claim.[2] To obtain relief under the CAT, an alien must show that she would likely be tortured if

---

[1] To the extent the Government contends that Merentek's "pattern or practice" claim was not exhausted before the BIA, such a contention is meritless because the BIA specifically addressed that claim. See Lin v. Att'y Gen., 543 F.3d 114, 125 (3d Cir. 2008).

[2] Although the Government seems to argue to the contrary, Merentek *did* include this claim in her brief. Accordingly, the Government's waiver argument lacks merit.

4

removed to the country in question.  See 8 C.F.R. § 1208.16(c)(2).  Here, the BIA

concluded that Merentek failed to meet that standard, and she provides no evidence that

would compel a contrary conclusion.  Accordingly, the instant claim fails.

Merentek's final claim is that the BIA violated her Fifth Amendment due process

rights by failing to employ the United States Court of Appeals for the Ninth Circuit's

"disfavored group" analysis in evaluating her requests for asylum and withholding of

removal.[3]  This claim is meritless.  We previously rejected the "disfavored group"

analysis in Lie v. Ashcroft, 396 F.3d 530, 538 n.4 (3d Cir. 2005), and later declined to

revisit the issue in Wong v. Att'y Gen., 539 F.3d 225, 235 n.5 (3d Cir. 2008).  We find no

reason to chart a different course here, let alone conclude that the BIA's decision

amounted to a constitutional violation.

In light of the above, we will deny Merentek's petition.

---

[3] Although Merentek did not exhaust this claim, we nevertheless have jurisdiction to
consider it.  See Mudric v. Att'y Gen., 469 F.3d 94, 98 (3d Cir. 2006) (explaining that
"due process claims are generally exempt from the exhaustion requirement").